# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NARIMAN SKAKOV,<br>　　　　　　Plaintiff,<br><br>v.<br><br>BLACK BEAR MOVING & STORAGE,<br>ALLEGIANCE MOVING AND STORAGE,<br>and ANTHEM CLAIM MANAGEMENT<br><br>　　　　　　Defendants | **COMPLAINT**<br><br>CIVIL ACTION NO. 21-11412 |

## COMPLAINT

### PRELIMINARY STATEMENT

This is an action brought by a consumer regarding issues with interstate delivery of personal property.

### PARTIES

1. Plaintiff, Nariman Skakov (hereinafter "Mr. Skakov"), is an individual who resides in Cambridge, Massachusetts.

2. Defendant, Black Bear Moving & Storage (hereinafter "Black Bear"), is a moving and storage company located in Newport Beach, California.

3. Defendant, Allegiance Moving and Storage (hereinafter "Allegiance"), is a brokerage moving and storage company located in Lake Worth, Florida.

4. Defendant, Anthem Claim Management (hereinafter "Anthem"), is an insurance company located in Anthem, Arizona.

### JURISDICTION AND VENUE

5. The jurisdiction of this court is proper pursuant to 28 U.S.C. §1331 as the civil action arises out of the laws of the United States, specifically 49 U.S.C. §14706.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events or omissions giving rise to the claim occurred in Massachusetts.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(3) as the Plaintiff resides in this district and each Defendant is subject to personal jurisdiction in

Massachusetts with respect to the Plaintiff's claims.

## FACTS

8. On or about July 10, 2020, Mr. Skakov contacted Defendant Allegiance to transport Mr. Skakov's personal property from San Francisco, California to Cambridge, Massachusetts.

9. Allegiance and Mr. Skakov entered a contract with Allegiance whereby Mr. Skakov would pay a fee and Allegiance would make arrangements for the transportation of Mr. Skakov's property. Mr. Skakov paid the fee and performed all his obligations under this agreement.

10. Pursuant to the Allegiance Contract, Allegiance would be the point of contact regarding details for the move, as well as Allegiance promising to serve as Mr. Skakov's advocate.

11. Allegiance, acting as a broker, connected Mr. Skakov to Defendant Black Bear. Black Bear would be performing the actual move. Mr. Skakov subsequently entered a contract with Black Bear on or around July 27, 2020 ("The Black Bear Contract") where Mr. Skakov would pay a fee to Black Bear and Black Bear would perform the move.

12. Pursuant to the Black Bear Contract, Black Bear would retrieve Mr. Skakov's property between 3:00pm and 6:00pm in San Francisco and deliver to Cambridge, Massachusetts, on or before August 13, 2020.

13. All of Mr. Skakov's items were ready to be picked up by Black Bear on July 27th at 3:00 pm. However, Black Bear was not ready in the original window for arrival. Black Bear did not show up until 11:30pm the night of July 27, 2020.

14. When Black Bear arrived, it did not have the necessary materials for safe packing. As it was already late in the night, Black Bear was not able to retrieve additional materials. When all the items were finally packed around 3:00am the morning of July 28, 2020, Mr. Skakov verbally noted his concern to Black Bear that his property could be damaged during the move due to lack of packing supplies.

15. Mr. Skakov's property arrived in Cambridge, Massachusetts a day later than expected on August 14, 2020, Mr. Skakov observed the unloading process and was shocked to observe that his property was broken, scratched, or otherwise evidencing clear damage. Most troubling, Mr. Skakov did not observe certain important items, such as valuable art from Europe. Further, Mr. Skakov noted that the delivery truck was different than what was loaded in San Francisco.

16. Mr. Skakov was not provided a bill of lading or receipt for which items were actually delivered.

17. Mr. Skakov contacted Black Bear customer support to find his missing items and

complain about the damaged property. The agent speaking with Mr. Skakov acknowledged and admitted that property was damaged and that some of Mr. Skakov's property was missing. The agent agreed that Black Bear was responsible for locating the missing property.

18. As Mr. Skakov's property was valuable art, Mr. Skakov worried that it may have been stolen. Mr. Skakov contacted law enforcement for assistance in locating his missing property.

19. On or around August 27, 2020, Mr. Skakov had not received any updates from Black Bear or law enforcement. Mr. Skakov inquired from Black Bear on the status of his missing property.

20. On or around August 31, 2020, Black Bear informed Mr. Skakov that it had located some of the missing artwork, but would not disclose what it found, where it was found, how it was lost in the first place, or when it would be returned to Mr. Skakov.

21. On or around September 11, 2020, Allegiance contacted Mr. Skakov to inform him that his property was inadvertently left in some warehouse along the route to Massachusetts. The Allegiance agent stated that it would be returned to Mr. Skakov whenever Allegiance could find a truck going to Cambridge, but that it did not have a truck scheduled anytime soon. Mr. Skakov demanded to have a date certain when his property would be returned to him.

22. On or around September 15, 2020, Black Bear informed Mr. Skakov that it had possession of all the missing property and would be shipped to Mr. Skakov at some unknown date. Mr. Skakov demanded to have a date certain when his property would be returned to him.

23. On or around September 24, 2020, Allegiance contacted Mr. Skakov to report that it had been unable to contact Black Bear as Black Bear was not responding. According to Allegiance, Mr. Skakov's property was not being returned to him because Black Bear and/or Allegiance did not have any upcoming scheduled trips to Cambridge and therefore Mr. Skakov was denied his property until it was convenient to ship.

24. On or around September 25, 2020, Counsel for Mr. Skakov demanded the prompt return of Mr. Skakov's property as there was no dispute that Allegiance and Black Bear had lost his property, were now in possession of his property, but were refusing to return it.

25. On or around October 7, 2020, Mr. Skakov received two out of three missing items. When Mr. Skakov contacted Black Bear regarding the last item, Black Bear stated that it could not locate this item and therefore a claim should be made upon Black Bear's insurance company, Defendant Anthem.

3

26. Mr. Skakov made a claim for the lost and missing property upon Anthem on or around October 29, 2020.

27. In response to the claim, Anthem did not make a reasonable offer of settlement consistent with Mr. Skakov's losses.

28. On or around March 4, 2021, Mr. Skakov caused to be served a M.G.L. c.93A Demand Letter upon all defendants. Mr. Skakov did not receive any reasonable offers of settlement.

### COUNT I – 93A AS AGAINST ALLEGIANCE MOVING AND STORAGE

29. Mr. Skakov realleges and reincorporates as if fully set forth herein by reference, each and every allegation contained in each and every of the above paragraphs.

30. As set forth in Mr. Skakov's M.G.L. c.93A Demand Letter, Allegiance engaged in the following unfair and/or deceptive conduct:

    a. Informed Mr. Skakov that it would advocate for him and help him reacquire his property, but then failed to do so.

    b. Informing Mr. Skakov that it found his property but refused to return the property until it was more convenient.

    c. Refused to communicate with Mr. Skakov regarding the information it possessed regarding the cause of Mr. Skakov losing his property.

    d. Admit that the carrier chosen by Allegiance had lost Mr. Skakov's property, but fail to offer any remedy for Mr. Skakov's losses.

31. On or around March 4, 2021, Mr. Skakov caused to be served upon Allegiance a M.G.L. c.93A Demand Letter.

32. These damages to Mr. Skakov were separate and distinct from damages to his property.

33. More than thirty (30) days have passed since Allegiance received Mr. Skakov's M.G.L. c. 93A Demand Letter and Allegiance failed to respond with a reasonable offer of settlement.

WHEREFORE, the Plaintiff Nariman Skakov prays that judgment be entered against the Defendant, Allegiance Moving & Storage, by holding it responsible for violating M.G.L. c.93A, and compensate the Plaintiff in an amount that will fairly and adequately compensate him, together with interest, costs, treble damages, and such other relief as this Honorable Court may deem appropriate, including attorneys' fees.

### COUNT II – 93A AS AGAINST BLACK BEAR MOVING & STORAGE.

34. Mr. Skakov realleges and reincorporates as if fully set forth herein by reference, each and every allegation contained in each and every of the above paragraphs.

35. As set forth in Mr. Skakov's M.G.L. c.93A Demand Letter, Black Bear engaged in the following unfair and/or deceptive conduct:

    a. Appear outside the original window promised to Mr. Skakov to pack his belongings.

    b. Fail to have necessary supplies to safely pack Mr. Skakov's property.

    c. Damage and losses to Mr. Skakov's property.

    d. Inform Mr. Skakov that his property was located, but not return it to him forthwith.

    e. Delay returning Mr. Skakov's property for several weeks without legitimate reason for doing so.

36. On or around March 4, 2021, Mr. Skakov caused to be served upon Black Bear a M.G.L. c.93A Demand Letter.

37. These damages to Mr. Skakov were separate and distinct from damages to his property.

38. More than thirty (30) days have passed since Black Bear received Mr. Skakov's M.G.L. c. 93A Demand Letter and Black Bear failed to respond with a reasonable offer of settlement.

WHEREFORE, the Plaintiff Nariman Skakov prays that judgment be entered against the Defendant, Black Bear Moving and Storage, by holding it responsible for violating M.G.L. c.93A, and compensate the Plaintiff in an amount that will fairly and adequately compensate him, together with interest, costs, treble damages, and such other relief as this Honorable Court may deem appropriate, including attorneys' fees.

### COUNT III- VIOLATION OF 49 U.S.C. §14706 AS AGAINST BLACK BEAR MOVING AND STORAGE

39. Nariman Skakov realleges and reincorporates as if fully set forth herein by reference, each and every allegation contained in each and every of the above paragraphs.

40. Mr. Skakov executed a contract with Black Bear which promised in consideration for Mr. Skakov paying a fee, Black Bear would move his property from San Francisco, California to Cambridge, Massachusetts.

41. Mr. Skakov provided his property to Black Bear in good and satisfactory condition, free from damage and defect.

42. Mr. Skakov performed all his obligations and requirements under the Contract.

43. Black Bear breached their obligations under the contract by failing to deliver all items entrusted to their care and damaging Mr. Skakov's property.

44. As to certain property, the property arrived in a damaged condition. As to other certain property, it never arrived and therefore a total loss for Mr. Skakov.

45. By failing to deliver the items as agreed upon, Black Bear breached the terms of the contract.

46. Upon delivery of most of the items, Black Bear failed to provide a Bill of Lading or receipt of what was delivered.

47. Upon delivery of the remaining items, Black Bear failed to provide a Bill of Lading or receipt of what was delivered.

48. Because of Black Bear's breach, Mr. Skakov suffered damages and loss to his property.

WHEREFORE, the Plaintiff Nariman Skakov prays that judgment be entered against the Defendant, Black Bear Moving & Storage, by holding it responsible for violating 49 U.S.C. §14706 and compensate the Plaintiff in an amount that will fairly and adequately compensate him, together with interest, costs, treble damages, and such other relief as this Honorable Court may deem appropriate, including attorneys' fees.

### COUNT IV- VIOLATION OF M.G.L. c. 106, § 7-309(a) AS AGAINST BLACK BEAR MOVING AND STORAGE

49. Nariman Skakov realleges and reincorporates as if fully set forth herein by reference, each and every allegation contained in each and every of the above paragraphs.

50. M.G.L. c. 106, § 7-309(a) burdens carriers who issue a bill of lading to exercise a reasonable degree of care in which a reasonably careful person would exercise.

51. A reasonable carrier would take reasonable measures to avoid damaging or losing property.

52. Black Bear breached this duty of care by losing and/or damaging Mr. Skakov's property.

53. Mr. Skakov's damages were actually and proximately caused by Black Bear's breach of a reasonable duty of care.

54. Mr. Skakov suffered damages.

WHEREFORE, the Plaintiff Nariman Skakov prays that judgment be entered against the

Defendant, Black Bear Moving & Storage, by holding it responsible for violating M.G.L. c. 106, § 7-309(a) and compensate the Plaintiff in an amount that will fairly and adequately compensate him, together with interest, costs, treble damages, and such other relief as this Honorable Court may deem appropriate, including attorneys' fees.

### COUNT V- VIOLATION OF M.G.L. c. 93A AS AGAINST ANTHEM CLAIM MANAGEMENT

55. Mr. Skakov realleges and reincorporates as if fully set forth herein by reference, each and every allegation contained in each and every of the above paragraphs.

56. On or around March 4, 2021, Mr. Skakov caused to be served upon Anthem a M.G.L. c.93A Demand Letter.

57. As set forth in Mr. Skakov's M.G.L. c.93A Demand Letter, Anthem engaged in the following unfair and/or deceptive conduct:

    a. Accepted Mr. Skakov's claim but denied offering reasonable relief for Mr. Skakov's losses

    b. Rejected and/or refused to offer a reasonable settlement despite liability being reasonably clear.

58. These damages to Mr. Skakov were separate and distinct from damages to his property.

59. More than thirty (30) days have passed since Anthem received Mr. Skakov's M.G.L. c. 93A Demand Letter and Anthem failed to respond with a reasonable offer of settlement.

WHEREFORE, the Plaintiff Nariman Skakov prays that judgment be entered against the Defendant, Anthem Claim Management LLC., by holding them responsible for violating M.G.L. c.93A, and compensate the Plaintiff in an amount that will fairly and adequately compensate him, together with interest, costs and such other relief as this Honorable Court may deem appropriate, including attorneys' fees.

### JURY DEMAND

The Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by any Defendant.

Dated: August 27, 2021                    Respectfully submitted,
                                          Nariman Skakov
                                          By his Attorney,


                                          _/s/ Erik T. Hagen, Esq._____
                                          Erik T. Hagen, Esq. | BBO# 691231

>
> Falbo, Solari & Goldberg
> 80 Jefferson Street
> Winthrop, MA 02152
> Phone: 617-846-3433
> Fax:     617-846-6105
> Lawfsg.Erik@winthropesq.com